J-S30035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK JUSTINIANO | |
| Appellant | No. 837 EDA 2015 |

Appeal from the Judgment of Sentence March 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001500-2013

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED May 11, 2016**

Appellant Frank Justiniano appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for aggravated assault, attempt of murder in the first degree, criminal conspiracy and possession of an instrument of crime ("PIC").[1] After review, we affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. On October 24, 2012, Christopher Corisdeo ("Victim"), who was high on PCP and swinging his arms back and forth, struck Myleidi Rodriguez as he walked past her on East Dauphin Street. N.T., 12/03/2014, at 38. In response to this, Appellant and the four other males that accompanied Ms. Rodriguez

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 901, 2502(a), 903(c), and 907(a), respectively.

began to punch and kick Victim. *Id.* at 39-40. The group dragged Victim to the lot on the corner of the street, removed his clothing, and continued to kick and punch him. *Id.* at 41-43. Appellant then picked up a cement block and dropped or threw it onto Victim's face. *Id.* at 13, 48, 115. Victim survived, endured reconstructive surgery, and now suffers from memory loss, speech problems, dizziness, depression, and anxiety. Sentencing N.T., 3/17/2015, at 15-16.

On December 4, 2014, after a bench trial, the trial court convicted Appellant of the aforementioned crimes. On March 17, 2015, the court sentenced Appellant consecutively to 20-40 years' incarceration for attempted murder and 10-20 years' incarceration for criminal conspiracy. The court imposed a concurrent sentence of 1-2 years' incarceration for PIC.[2]

On April 14, 2015, Appellant filed a timely notice of appeal. On May 7, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant's

---

[2] Appellant's aggravated assault conviction merged for sentencing purposes.

counsel filed a statement of intent to file an **Anders**[3] brief pursuant to Pa.R.A.P. 1925(c)(4) on May 26, 2015.[4]

On November 4, 2015, Appellant's counsel filed a petition for leave to withdraw along with an **Anders** brief.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa.2009). Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel must also provide a copy of the **Anders** brief to the appellant, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant

---

[3] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[4] On May 15, 2015, this Court dismissed Appellant's appeal for failure to comply with Pa.R.A.P. 3517. On May 19, 2015, Appellant filed an application to reinstate his appeal, which this Court granted on June 2, 2015. Our June 2, 2015 order vacated our order of May 15, 2015.

deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super.2007), *appeal denied*, 936 A.2d 40 (Pa.2007). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super.2006).

Here, counsel filed a petition for leave to withdraw as counsel along with an *Anders* brief and a letter advising Appellant of his right to obtain new counsel or proceed *pro se* to raise any points he deems worthy of the court's attention in addition to the one raised in the *Anders* brief. The petition states that counsel determined there were no non-frivolous issues to be raised on appeal, notified Appellant of the withdrawal request, supplied him with a copy of the *Anders* brief, and sent him a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states his conclusion that the appeal is wholly frivolous and his reasons therefor. *See Anders* Brief, at 5-8, 10-16.

- 4 -

Accordingly, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issues raised in the **Anders** brief. The only issue listed is as follows:

> IS [APPELLANT'S] APPEAL FRIVOLOUS SUCH THAT COUNSEL SHOULD BE PERMITTED TO WITHDRAW?

**Anders** Brief at 4. This issue reflects counsel's request to withdraw, which we grant herein after a discussion of Appellant's other underlying issues.

In the **Anders** brief, counsel submits that any challenges to the sufficiency of the evidence or the discretionary aspects of Appellant's sentence would fail. We agree.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super.2005)).

Appellant was convicted of the following statutorily defined crimes:

**§ 2702. Aggravated assault**

**(a) Offense defined.--**A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S. § 2702.

**§ 903. Criminal conspiracy**

**(c) Conspiracy with multiple criminal objectives.--**If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship.

18 Pa.C.S. § 903(c).

**§ 907. Possessing instruments of crime**

**(a) Criminal instruments generally.--**A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

- 6 -

18 Pa.C.S. § 907.

> **§ 901. Criminal attempt**
>
> **(a) Definition of attempt.--**A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S. § 901.

> **§ 2502. Murder**
>
> **(a) Murder of the first degree.--**A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

18 Pa.C.S. § 2502(a).

Here, viewing all of the evidence in the light most favorable to the Commonwealth, there was sufficient evidence for the court to find that Appellant, along with several others, brutally beat Victim and personally smashed a concrete block on his face. Thus, there was sufficient evidence to enable the fact-finder to find every element of Appellant's crimes beyond a reasonable doubt. We agree with counsel that a challenge to the sufficiency of the evidence would be frivolous.

Similarly, any challenge to the discretionary aspects of Appellant's sentence would fail.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary

challenge, an appellant must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Here, Appellant did not properly preserve the issue at sentencing or in a motion to reconsider or modify sentence. Thus, he has not invoked this Court's jurisdiction, and we cannot address Appellant's challenge to the discretionary aspects of his sentence.

Counsel is correct that claims of ineffective assistance of counsel are generally to be deferred to collateral review. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa.2013).

Further, after an independent review of the record, we agree with counsel that this appeal is wholly frivolous.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2016